COMMONWEALTH of Pennsylvania,
Appellant

v.

Kazimir Craig GROHOWSKI, Appellee

Commonwealth of Pennsylvania,
Appellee

v.

Kazimir Craig Grohowski, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 5, 2009.
Filed July 9, 2009.

William R. Stoycos, Office of the Atty. Gen., Harrisburg, for the Com.

Edward E. Kopko, Ithaca, NY, for Grohowski.

BEFORE: STEVENS, KLEIN, and KELLY, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the order dated August 23, 2007, and entered on August 24, 2007, by the Court of Common Pleas of Northumberland County, following the granting of Appellee's/cross–Appellant's, Kazimir Grohowski's, motion for ex-

traordinary relief and awarding of a new trial. Herein, the Commonwealth contends that the motion for extraordinary relief was improperly granted in that (1) such a motion is improper to raise allegations of ineffectiveness of counsel, and (2) even if not improper, trial counsel was not ineffective where Appellee did not prove he was prejudiced by the prosecutor's remarks during closing argument. We reverse and remand.

¶ 2 In this case, both the Commonwealth and Appellee/cross–Appellant failed to file timely statements pursuant to Rule 1925(b).

¶ 3 On September 19, 2006, Appellee was convicted of three counts of delivery of contraband to a confined person.[1] Appellee was a correctional officer at the Northumberland County prison and was delivering various controlled substances to the prisoners. Prior to sentencing, Appellee filed a written motion for extraordinary relief on January 12, 2007. On August 24, 2007, the trial court granted relief by awarding Appellee a new trial, finding that trial counsel was ineffective for failing to object to an improper statement by the prosecutor.[2] Thereafter, the Commonwealth filed a timely notice of appeal, and Appellee filed a timely cross-appeal.

¶ 4 On September 28, 2007, the trial court ordered the Commonwealth to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b)

within 21 days. The Commonwealth filed the statement on October 22, 2007, greater than the 21 days allotted. On October 24, 2007, the trial court ordered Appellee/cross–Appellant to file a Rule 1925(b) statement and that statement was filed on November 16, 2007,[3] greater than the 21 days allotted.

¶ 5 A recent *en banc* decision by this Court held that in the event a Rule 1925(b) statement is filed late by a represented criminal defendant, such constitutes *per se* ineffectiveness so that the proper remedy is to remand for the filing of such a statement *nunc pro tunc*. *Commonwealth v. Burton,* 973 A.2d 428 (Pa.Super.2009) *(en banc).* Furthermore, where the trial court has filed an opinion addressing the issues presented in the 1925(b) concise statement, we may review the merits of the issue presented. *Id.*[4] This is consistent with the rule regarding cases where no 1925(b) statement is filed at all. *See* Pa.R.A.P. 1925(c)(3); *Commonwealth v. McBride,* 957 A.2d 752, 756 (Pa.Super.2008) ("[c]ounsel's failure to file a statement as required under Rule 1925 deprived [a]ppellant of meaningful review of his appeal and constitutes *per se* ineffectiveness").

¶ 6 In this case, both the Commonwealth and Appellee/cross–Appellant failed to file timely statements pursuant to Rule 1925(b). *Burton, supra,* permits a represented criminal defendant to file a 1925(b)

---

1. 18 Pa.C.S.A. § 5123(A).

2. We note that, while the trial court held a hearing on the motion for extraordinary relief, trial counsel did not testify at the hearing.

3. The trial court's orders requesting a Pa. R.A.P. 1925(b) statement comports with all of the requirements for "contents of order" specified in Pa.R.A.P. 1925(b)(3). Further, the docket entries reflect the time, date, and manner of service pursuant to Pa.R.Crim.P 114(c).

4. Notably, in his concurrence in the *Burton* case, Judge Stevens disagreed that this was the proper remedy. Rather, Judge Stevens would find waiver in such instances, finding a distinction between cases in which a 1925(b) statement is not filed at all and where one is filed late. *Commonwealth v. Burton,* 973 A.2d 428 (Pa.Super.2009) *(en banc),* concurring opinion by Stevens, J.

statement late, the remedy being a remand to allow for the filing of such statement *nunc pro tunc.* Rule 1925(c)(3) allows for remand "if an appellant" in a criminal case was ordered to file a statement and did not do so. There is no requirement set forth in the Rule that the appealing party must be the defendant in order to apply the Rule. Furthermore, we refuse to read such a requirement into the Rule. Fairness and consistency require that each side be treated the same so that if we are to permit the late filing of the 1925(b) statement for one of the parties, i.e., the Defendant, we must permit the late filing of the 1925(b) statement for the other side, i.e., the Commonwealth.

¶ 7 Allowing for the late filing by the Commonwealth does not thwart the purpose of the Rule; but rather, allowing such filing promotes the purpose of the amendment to Rule 1925(b). For example, the Rule was amended in order to extend the time period for filing and to excuse late filings under the proper circumstances. The Rule was not amended in order to favor one party over another party when there is a late filing of the Rule 1925(b) statement.

 ¶ 8 Where, as here, the Commonwealth has filed a late Rule 1925(b) statement, we will apply the same logic and allow for remand to the trial court or address the issues raised where the trial court had the first opportunity to address them. Therefore, we hold that the rule enunciated in *Burton, supra,* permitting the late filing of a 1925(b) statement applies to the Commonwealth as well as to the represented criminal defendant.

¶ 9 Presently, the trial court has addressed the merits of the issues raised by

the Commonwealth so that we may review the issues raised. However, the trial court failed to address the issues raised by Appellee/cross–Appellant based on the disposition of the case. Although pursuant to *Burton, supra* we would remand for the trial court to address those issues, based on our disposition of this case, we need not do so.[5]

 ¶ 10 Prior to addressing the issue raised, we must determine whether the motion for extraordinary relief is proper. Pa.R.Crim.P. 704(B) provides: Rule 704.

**Procedure at Time of Sentencing**

. . .

**(B) Oral Motion for Extraordinary Relief.**

(1) Under extraordinary circumstances, when the interests of justice require, the trial judge may, before sentencing, hear an oral motion in arrest of judgment, for a judgment of acquittal, or for a new trial.

(2) The judge shall decide a motion for extraordinary relief .before imposing sentence, and shall not delay the sentencing proceeding in order to decide it.

(3) A motion for extraordinary relief shall have no effect on the preservation or waiver of issues for post-sentence consideration or appeal.

Pa.R.Crim.P. 704(B). Rule 704(B) is intended to allow the trial judge the opportunity to address only those errors so manifest that immediate relief is essential. This Court has repeatedly held that "we will not allow such motions as a "substitute vehicle" for raising a matter that should be raised in a post-sentence motion." *Commonwealth v. Askew,* 907 A.2d 624, 627 (Pa.Super.2006), *appeal denied,* 591 Pa.

5. We make no further determination regarding the merits of the claims raised by Appel-

lee/cross–Appellant based on our decision.

709, 919 A.2d 954 (2007) (citation omitted). Furthermore, written motions for extraordinary relief have been deemed improper. *Id.* at fn. 7. More particularly, this Court has determined that claims of ineffectiveness of counsel, as raised herein, should be raised via a post-sentence motion. *See Commonwealth v. Celestin,* 825 A.2d 670, 674 (Pa.Super.2003), *appeal denied,* 577 Pa. 686, 844 A.2d 551 (2004) (claims of ineffectiveness of counsel improperly raised as motion for extraordinary relief). Accordingly, we are constrained to reverse and remand so that the proper procedure may be followed.[6]

¶ 11 Order **REVERSED.** Case **REMANDED.** Jurisdiction **RELINQUISHED.**

¶ 12 KLEIN, J., FILES A DISSENTING OPINION.

DISSENTING OPINION BY KLEIN, J.:

¶ 1 I believe that the majority opinion subverts the intent of revised Pa. Rule of Appellate Procedure 1925(b) by allowing the Commonwealth to correct its mistake under a provision designed when *defendants* are the appellant. In doing so, the majority also disregards the dictate of the Pennsylvania Supreme Court by imposing a "bright line" finding of waiver for failing to meet the time deadlines of Rule 1925(b). *See Commonwealth v. Castillo,* 585 Pa. 395, 888 A.2d 775 (2005); *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998).

¶ 2 A look at the context of Rule 1925(c)(3), as well as the Note following the rule, shows that it is designed for appellants who are *defendants,* not the Commonwealth. While by hindsight it is true that the drafters should have been clearer in the language and this section should be revisited, there are often unintended consequences in drafting complex rules and we should not elevate textualism over the clear purpose of a statute or rule.

¶ 3 The section provides:

**(c) Remand.—**

(3) If an appellant in a criminal case was ordered to file a Statement and failed to do so, **such that the appellate court is convinced that counsel has been *per se* ineffective,** the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge. [Emphasis supplied.]

¶ 4 The key part of the comment to paragraph (c)(3) of the rule reads as follows:

This paragraph allows an appellate court to remand in criminal cases only when the appellant has completely failed to respond to an order to file a Statement. It is thus narrower than (c)(2), above. **Prior to these amendments of this rule, the appeal was quashed if no timely Statement was filed or served; however, because the failure to file and serve a timely Statement is a failure to perfect the appeal, it is presumptively prejudicial and "clear" ineffectiveness.** *See, e.g., Commonwealth v. Halley,* 582 Pa. 164, 172, 870 A.2d 795, 801 (2005); *Commonwealth v. West,* 883 A.2d 654, 657 (Pa.Super.2005). **Direct appeal rights have typically been restored through a post-conviction relief process, but when the ineffectiveness is apparent and *per se,* the court in *West* recognized that the more effective way to**

---

6. We note that both Rule 704(B) and case law make clear that a motion for extraordinary relief must not be in writing and must only be made in exceptional circumstances. Claims of ineffectiveness of counsel are clearly more properly addressed through the filing of post-sentence motions.

resolve such *per se* ineffectiveness is to remand for the filing of a Statement and opinion. *See West,* 883 A.2d at 657. The procedure set forth in *West* is codified in paragraph (c)(3). As the *West* court recognized, this rationale does not apply when waiver occurs due to the *improper* filing of a Statement. In such circumstances, relief may occur only through the post-conviction relief process and only upon demonstration by the appellant that, but for the deficiency of counsel, it was reasonably probable that the appeal would have been successful. An appellant must be able to identify *per se* ineffectiveness to secure a remand under this section, and any appellant who is able to demonstrate per se ineffectiveness is entitled to a remand. Accordingly, this paragraph does not raise the concerns addressed in *Johnson v. Mississippi,* 486 U.S. 578, 588–89, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988) (observing that where a rule has not been consistently or regularly applied, it is not—under federal law—an adequate and independent state ground for affirming petitioner's conviction). [Emphasis added.]

¶ 5 Thus, the only time the appellate court is permitted to remand for a filing of a 1925(b) statement is if "the appellate court is convinced that counsel has been *per se* ineffective...." The only lawyers that can be *"per se"* ineffective are criminal *defense* lawyers. "Ineffectiveness of counsel" is a term of art that relates to when a criminal defense lawyer has failed to act properly so that the defendant is deprived of "effective" counsel. It has never been applied to *prosecutors.*

¶ 6 The reason for the rule is that when a criminal *defense* lawyer fails to file a Rule 1925(b) statement it is akin to abandonment because, at a Post Conviction Relief Act proceeding the defendant will al-most always successfully argue that he was deprived of *effective* counsel and therefore is entitled to a new appeal after counsel *has* filed a Rule 1925(b) statement so that all of his issues are not waived.

¶ 7 While it would have been better to specify that the "appellant" is only a "criminal defendant appellant," since there is no way that a prosecutor can be *"per se* ineffective" there is no way this section can apply to the Commonwealth.

¶ 8 There is no question that the intent of the drafters was to only apply this rule to criminal defendants, and that is the meaning of the rule adopted by the Pennsylvania Supreme Court.

¶ 9 For this reason, I dissent.