J-A01028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MARTIN C. FINSTERBUSH, | |
| Appellee | No. 689 EDA 2017 |

Appeal from the Order Entered January 18, 2017
in the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-CR-0007449-2015

BEFORE: LAZARUS, J., OTT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED MAY 11, 2018**

The Commonwealth appeals from the order granting the oral motion for extraordinary relief of Appellee, Martin C. Finsterbush,[1] and vacating his conviction of numerous sexual offenses committed against two of his granddaughters. We reverse and remand.

On September 23, 2016, after a bench trial, the court convicted Appellant of all charges, five charges of indecent assault and one charge of corruption of minors, against two minor granddaughters. On January 18, 2017, the trial court judge (the same judge who presided over the waiver

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellee's name is also spelled "Finsterbusch" in the record before us.

trial), granted new defense counsel's oral motion for extraordinary relief pursuant to Pa.R.Crim.P. 704(B).[2] The judge found that defense trial counsel's performance was "wholly inadequate" and that "the normal appellate process" for post-conviction relief, would be "unduly burdensome" and "a waste of judicial resources." (Order, 1/18/17). This timely appeal followed the trial court's denial of the Commonwealth's motion for reconsideration.

The application of a rule of criminal procedure under our caselaw presents a pure question of law for which our standard of review is *de novo*, and our scope of review is plenary. **See Commonwealth v. Cooper**, 27 A.3d 994, 998 (Pa. 2011). Our Supreme Court has recently reaffirmed that since 2002, the general rule under **Commonwealth v. Grant**, 813 A.2d 726, 738 (Pa. 2002), is that ineffective assistance of counsel claims are deferred until collateral review pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. **See Commonwealth v. Delgros**, No. 27 WAP 2017, 2018 WL 1959478, at *1 (Pa. filed April 26, 2018), citing **Grant**, **supra**.

The defense and the trial court have failed to establish either of the narrow exceptions identified in **Commonwealth v. Holmes**, 79 A.3d 562, 563–64 (Pa. 2013), or the new exception adopted in **Delgros**, **supra**. Our Supreme Court reaffirmed in **Holmes** that, absent extraordinary

---

[2] Although the order is dated as of January 19, 2017, we follow the official file date stamp and the consistent docket entry, which both confirm the date of the order as January 18, 2017.

- 2 -

circumstances, such as issues of "primary constitutional magnitude," claims of ineffective assistance of counsel should still be deferred until collateral review, as previously held in **Grant**. "[W]e reaffirm **Grant** and hold that, absent the circumstances we address below, claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal. **Holmes**, **supra** at 576.

> "[C]ounsel is presumed effective, and [appellant] bears the burden of proving otherwise." To prevail on an ineffectiveness claim, appellant must establish:
>
> > (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) [appellant] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.
>
> Failure to prove any prong of this test will defeat an ineffectiveness claim.

**Commonwealth v. Fears**, 86 A.3d 795, 804 (Pa. 2014). Furthermore,

> [Pa.R.Crim.P. 704(B)] is intended to allow the trial judge the opportunity to address only those errors so manifest that immediate relief is essential. This Court has repeatedly held that we will not allow such motions as a "substitute vehicle" for raising a matter that should be raised in a post-sentence motion. More particularly, this Court has determined that claims of ineffectiveness of counsel, as raised herein, should be raised via a post-sentence motion. **See Commonwealth v. Celestin,** 825 A.2d 670, 674 (Pa.Super.2003), *appeal denied,* 577 Pa. 686, 844 A.2d 551 (2004) (claims of ineffectiveness of counsel improperly raised as motion for extraordinary relief).

**Commonwealth v. Grohowski**, 980 A.2d 113, 115–16 (Pa. Super. 2009).

Accordingly, we are constrained to reverse and remand so that the proper procedure may be followed. We direct the trial court to reinstate the verdict of conviction, and to proceed with sentencing.

Order reversed. Case remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/11/18