J. S12035/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: | : | IN THE SUPERIOR COURT OF |
| J.S.Z., A MINOR | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: | : | No. 1673 MDA 2017 |
| COMMONWEALTH OF PENNSYLVANIA | : | |

Appeal from the Order Entered October 12, 2017,
in the Court of Common Pleas of Lycoming County
Criminal Division at No. CP-41-JV-0000195-2017

BEFORE:  LAZARUS, J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:                **FILED MAY 25, 2018**

The Commonwealth appeals from the October 12, 2017 order entered by the Court of Common Pleas of Lycoming County granting appellee's motion to suppress.  After careful review, we remand to the trial court for the Commonwealth to file a Rule 1925(b) statement ***nunc pro tunc***.

The procedural history in this case is as follows:  The trial court entered an order granting appellee's motion to suppress on October 12, 2017.  On October 26, 2017, the Commonwealth filed a notice of appeal to this court. Pursuant to Pennsylvania Rule of Appellate Procedure 311(d), the Commonwealth certified that the June 30, 2017 order would either terminate or substantially handicap the prosecution.  ***See*** Pa.R.A.P. 311(d) (permitting the Commonwealth to appeal from an interlocutory order if it certifies that the order will terminate or substantially handicap the prosecution).  That same day, the trial court ordered the Commonwealth to file a concise statement of

errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days of the order's being docketed. The trial court docketed the order on October 27, 2017. On November 22, 2017, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) in which it stated that the Commonwealth failed to timely file and serve its Rule 1925(b) statement, thereby waiving its issues on appeal. On December 5, 2017, the Commonwealth filed an application for remand with this court. In its brief to this court, the Commonwealth reiterates its request to remand so that it may supplement the record with a Rule 1925(b) statement because the Commonwealth's counsel was "admittedly ineffective." (Commonwealth's brief at 15, 24-25.) In the alternative, the Commonwealth requests that we reach a decision on the merits. (*Id.* at 26.)

Requests for remand due to failure to timely file a Rule 1925(b) statement when ordered to do so by the trial court are governed by Pennsylvania Rule of Appellate Procedure 1925(c)(3), which provides the following:

> If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been per se ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3).

The Commonwealth relies upon this court's decision in *Commonwealth v. Grohowski*, 980 A.2d 113 (Pa.Super. 2009). The *Grohowski* court held

that a remand to the trial court is the appropriate remedy for the late filing of a Rule 1925(b) statement. **Id.** at 114-115. Specifically, this court stated:

> Rule 1925(c)(3) allows for remand "if an appellant" in a criminal case was ordered to file a statement and did not do so. There is no requirement set forth in the Rule that the appealing party must be the defendant in order to apply the Rule. Furthermore, we refuse to read such a requirement into the Rule. Fairness and consistency require that each side be treated the same so that if we are to permit the late filing of the 1925(b) statement for one of the parties, **i.e.**, the Defendant, we must permit the late filing of the 1925(b) statement for the other side, **i.e.**, the Commonwealth.

**Id.** The **Grohowski** court further opined:

> Allowing a late filing by the Commonwealth does not thwart the purpose of the Rule; but rather, allowing such filing promotes the purpose of the amendment to Rule 1925(b). For example, the Rule was amended in order to extend the time period for filing and to excuse late filings under the proper circumstances. The rule was not amended in order to favor one party over another party when there is a late filing of the Rule 1925(b) statement.

**Id.** at 114.

Accordingly, we are constrained to remand this case to the trial court for the Commonwealth to file a Rule 1925(b) statement **nunc pro tunc** and for the trial court to amend its Rule 1925(a) opinion.[1]

---

[1] While we find Judge Klein's dissent in **Grohowski** to be persuasive, **see Grohowski**, 980 A.2d at 117, we are bound by the majority opinion. **See Commonwealth v. Pepe**, 897 A.2d 463, 465 (Pa.Super. 2006) ("It is beyond the power of a Superior Court panel to overrule a prior decision by the Superior Court, except in circumstances where intervening authority by our Supreme

The Commonwealth's application for remand is granted. Case remanded. Jurisdiction retained.

---

Court calls into question a previous decision of this Court." (citations omitted)).