J-S53003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SHAWN QUARLES | : | |
| | : | |
| Appellant | : | No. 535 EDA 2017 |

Appeal from the Judgment of Sentence January 3, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0002457-2014

BEFORE: GANTMAN, P.J., OTT, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 10, 2018**

Appellant, Shawn Quarles, appeals from the judgment of sentence imposed pursuant to his bench conviction of possession of firearm prohibited, firearm not to be carried without a license, and carrying a firearm on a public street in Philadelphia.[1] Specifically, he challenges the denial of his motion to suppress. We affirm.

We take the following pertinent facts and procedural history from the suppression court's March 6, 2018 opinion.

> On February 17, 2014, at about 7:45 p.m., Philadelphia Police Officer [Christopher] Ficchi, who was sitting in the front passenger seat of the patrol car, and his partner[,] were on routine patrol travelling north on the 2300 block of South 62nd Street in Philadelphia when they observed Appellant riding a bicycle going southbound in the northbound lane of 62nd Street.

---

[1] 18 Pa.C.S.A. §§ 6105, 6106, and 6108, respectively.

---

\* Retired Senior Judge assigned to the Superior Court.

(*See* N.T. Hearing, 7/16/14, at 8-9). Appellant rode by the officers' patrol car on its left side, approximately two to three feet from Officer Ficchi's partner and approximately five feet from Officer Ficchi (*See id.* at 9, 12-13). As Appellant went by the patrol car, Officer Ficchi observed the outline of a handgun in his right pocket. (*See id.* at 9-10). The officers turned on the vehicle's lights and sirens, and began pursuing Appellant, who fled west on Paschall Street and then south against traffic on the 2200 block of Felton Street. (*See id.* at 9).

Officer Ficchi's partner ordered Appellant to stop[,] at which time Appellant stopped riding and climbed off his bike. (*See id.*). Appellant then picked up his bike and threw it at the officers' car[,] after which he fled on foot. (*See id.* at 9-10). Officer Ficchi pursued him and apprehended him after a short chase. (*See id.* at 10). During the chase[,] Officer Ficchi observed Appellant reach into his right pocket and pull out a hand gun, which he discarded. (*See id.*). Officer Ficchi told his partner about the gun and this officer located the weapon. (*See id.*). Both officers then guarded the scene and awaited the arrival of a detective, who then recovered the gun. (*See id.*).

Officer Ficchi indicated that the 2200 block of South Felton Street is situated in the 12th Police District, an area known for shooting[s], robberies, and violence. He added that he had been assigned to that District for six years, and during that period of time he made numerous arrests on the 2200 block of South Felton Street for crimes of violence. (*See id.* at 6-7).

(Suppression Court Opinion, 3/06/18, at 2-3) (record citation formatting provided).

On April 17, 2014, Appellant filed a motion to suppress the firearm seized from him by the police. Following a July 16, 2014 suppression hearing, the court denied Appellant's motion. On October 11, 2016, after multiple continuances, the trial court held a waiver trial and convicted Appellant of the aforementioned crimes. On January 3, 2017, the trial court sentenced Appellant to an aggregate term of not less than four, nor more than eight,

years of incarceration, plus two years' reporting probation. After the court denied his post-sentence motions, Appellant timely appealed.[2]

Appellant raises one question for our review.

> 1. Did the trial court abuse its discretion as to credibility determinations when decisions as to not suppressing the physical evidence (a firearm) were not supported by the evidence and the appropriate preponderance of the evidence standard of review was not properly applied because Officer Christopher Ficchi was not credible when he stated that he could see the exact outline of a gun through Appellant's clothing when Appellant was riding a bicycle and any public discarding of the firearm was the result of forced abandonment as a consequence of the initial illegal stop by police?

(Appellant's Brief, at 4).

Appellant's issue challenges the denial of his motion to suppress on the basis that the court erred in determining that Officer Ficchi's testimony, that he saw the gun in Appellant's pocket, was credible, and that, therefore, it should have granted suppression. (*See id.* at 8-11). We disagree.

Our standard of review of this matter is well settled.

> [O]ur standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. We are bound by the suppression court's factual findings so long

---

[2] On December 13, 2017, Appellant filed an untimely court-ordered concise statement of errors complained of on appeal. However, because the suppression court filed an opinion on March 6, 2018 in which it addressed the issue raised in Appellant's untimely statement, we may review the issue. *See* Pa.R.A.P. 1925; *Commonwealth v. Grohowski*, 980 A.2d 113, 114 (Pa. Super. 2009) ("[W]here the trial court has filed an opinion addressing the issues presented in the [untimely] 1925(b) concise statement, we may review the merits of the issue presented.") (citation and footnote omitted).

as they are supported by the record; our standard of review on questions of law is *de novo*. Where, as here, the defendant is appealing the ruling of the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted. Our scope of review of suppression rulings includes only the suppression hearing record and excludes evidence elicited at trial.

*Commonwealth v. Singleton*, 169 A.3d 79, 82 (Pa. Super. 2017), *appeal denied*, 181 A.3d 1080 (Pa. 2018) (citations omitted). "Moreover as factfinder, it is within the suppression court's sole province to pass on the credibility of witnesses and the weight to be accorded their testimony. The factfinder is free to believe all, some, or none of the evidence presented." *Commonwealth v. Griffin*, 785 A.2d 501, 505 (Pa. Super. 2001) (citations omitted).

Here, the suppression court explained that it

. . . determined that Officer Ficchi's testimony, which was unrefuted, was credible based on the clarity and conciseness of his testimony concerning the observability of the outline of the gun. The officer testified that the gun became visible when Appellant stopped pedaling and was coasting on the bike past the patrol car with his right leg up, thereby making the gun visible to him from a distance of approximately five feet. Th[e c]ourt had no grounds or other evidence to disbelieve the officer[.] . . .

(Suppression Ct. Op., at 4).

The suppression court's finding was within its sole province as fact-finder, and we decline Appellant's invitation to re-weigh the police officer's credibility. *See Griffin*, *supra* at 505.

Moreover, Officer Ficchi's credible testimony that he could see Appellant possessed a weapon was sufficient to support a finding of reasonable suspicion

to conduct an investigatory detention. ***See Commonwealth v. Hall***, 929 A.2d 1202, 1207 (Pa. Super. 2007) ("When a police officer observes a concealed weapon upon a person in the public sphere, an investigatory stop is a reasonable response.") (citations omitted). Therefore, Appellant's forced abandonment[3] argument fails. (***See*** Appellant's Brief, at 9-11). Accordingly, the court properly denied Appellant's motion to suppress. ***See Singleton***, ***supra*** at 82.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/18

---

[3] "[W]hen an officer's initial seizure is not justified by reasonable suspicion nor probable cause, and a citizen subsequently flees and discards contraband, the 'abandonment' of that contraband is deemed to be forced or coerced and the item in question must be suppressed." ***Commonwealth v. McCoy***, 154 A.3d 813, 816 (Pa. Super. 2017) (citation omitted).