J-S35025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROOSEVELT WARDEN | : | |
| | : | |
| Appellant | : | No. 1301 MDA 2017 |

Appeal from the Judgment of Sentence August 8, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005434-2016

BEFORE: BENDER, P.J.E., PANELLA, J., and MURRAY, J.

JUDGMENT ORDER BY PANELLA, J.: **FILED OCTOBER 29, 2018**

Roosevelt Warden appeals from the judgment of sentence entered in the Berks County Court of Common Pleas. Warden challenges the sufficiency of the evidence underlying his conviction for conspiracy to commit unlawful use of a computer. As Warden has failed to preserve his sole issue on appeal for our review, we affirm.

The relevant facts and procedural history of this appeal are as follows. In October of 2016, Warden was arrested and charged with various offenses relating to fraudulent automated teller machine ("ATM") transactions. Following a jury trial, Warden was convicted of conspiracy to commit unlawful use of a computer, 18 Pa.C.S.A. §§ 903(a)(1) and 7611(a)(1), and conspiracy to commit theft by deception, 18 Pa.C.S.A. §§ 903(a)(1) and 3922(a)(1). The trial court sentenced Warden to three to seven years' imprisonment and

ordered him to pay restitution. Appellant filed a timely notice of appeal and complied[1] with the trial court's Rule 1925(b) order.

Warden's sole challenge on appeal is to the sufficiency of the evidence underlying his conviction for conspiracy to commit unlawful use of a computer. **See** Appellant's Brief, at 6, 10-13. Specifically, Warden contends the Commonwealth failed to prove that the ATM at issue met the definition of a "computer" as described in § 7611(a)(1) of the Crimes Code. **See id**., at 10-13.

Prior to addressing the merits of Warden's sufficiency claim, we must determine whether he has preserved it for our review. To preserve a sufficiency challenge, an appellant's Rule 1925(b) statement must state with specificity the element or elements of the crime upon which the appellant alleges the Commonwealth's evidence was insufficient; the failure to specify the particular element or elements in question will result in waiver of the sufficiency challenge on appeal. **See**, **e.g.**, **Commonwealth v. Roche**, 153 A.3d 1063, 1072 (Pa. Super. 2017); **Commonwealth v. Freeman**, 128 A.3d 1231, 1248 (Pa. Super. 2015); **Commonwealth v. Garland**, 63 A.3d 339, 344 (Pa. Super. 2013); **Commonwealth v. Williams**, 959 A.2d 1252, 1258

---

[1] The court concludes Warden has waived his issues on appeal by filing an untimely Rule 1925(b) statement. **See** Trial Court Opinion, 3/9/18, at 1-2. However, as Warden's facially untimely Rule 1925(b) statement did not preclude the trial court from addressing Warden's issues on appeal, we decline to find waiver on this basis. **See Commonwealth v. Grohowski**, 980 A.2d 113, 114 (Pa. Super. 2009) ("[W]here the trial court has filed an opinion addressing the issues presented in the [untimely] 1925(b) concise statement, we may review the merits of the issue presented.")

(Pa. Super. 2008); **Commonwealth v. Flores**, 921 A.2d 517, 522-523 (Pa. Super. 2007). And waiver applies even where the trial court addresses the issue in its Rule 1925(a) opinion and where the Commonwealth does not object to the defective Rule 1925(b) statement. **See**, **e.g.,** **Roche**, 153 A.3d at 1072.

Here, in his Rule 1925(b) statement, Warden "asserts that purports that the evidence presented at trial was insufficient to support a conviction for Count 4 of the Information Conspiracy to Commit Unlawful Use of a Computer." Statement of Matters Complained of on Appeal, 9/25/17, at ¶ 1. This generic statement clearly does not specify which element of the crime Warden contends the Commonwealth failed to prove. So, we are constrained to find that Warden has waived his sufficiency challenge. As Warden did not raise any other challenges on appeal, we affirm the trial court's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2018