J-A25026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
v. :
:
:
:
CATHY RENEE BURROWS : No. 143 MDA 2019

Appeal from the Order Entered January 17, 2019
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001023-2018

BEFORE: STABILE, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED FEBRUARY 18, 2020**

This case is before us on the grant of reconsideration. The Commonwealth appealed from an order dismissing charges against Cathy Renee Burrows as constituting *de minimis* infractions. **See** 18 Pa.C.S.A. § 312(a)(3).[1] We initially dismissed the appeal because the Commonwealth did not file a Pa.R.A.P. 1925(b) statement, even though the trial court ordered it

---

[1] Section 312(a)(3) provides:

   **(a) General rule.** – The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the conduct of the defendant:

                                    * * *

   (3) presents such other extenuations that it cannot reasonably be regarded as envisaged by the General Assembly or other authority in forbidding the offense.

18 Pa.C.S.A. § 312(a)(3).

to do so. **See** Judgment Order, filed 10/25/19. We explained that we disagreed with the Commonwealth that Pa.R.A.P. 1925(c)(3) entitled it to a remand so it could file a Rule 1925(b) statement.

The Commonwealth responded by filing a "Motion to Reinstate Appeal," arguing that we had overlooked **Commonwealth v. Grohowski**, 980 A.2d 113 (Pa.Super. 2009). According to the Commonwealth, **Grohowski** held that Rule 1925(c)(3) applies to it in all cases to the same extent as it applies to criminal defendants. We treated the Commonwealth's motion as an application for reconsideration and vacated our Judgment Order. **See** Order, filed 11/20/19. We conclude that **Grohowski** is distinguishable, and we therefore again dismiss the Commonwealth's appeal.

In **Grohowski**, the Commonwealth and the defendant filed cross-appeals, and each filed its court-ordered Rule 1925(b) statement late. This Court determined that the late filings did not constitute waiver by either party. In support, we cited Rule 1925(c)(3), which "allows for remand 'if an appellant' in a criminal case was ordered to file a statement and did not do so." **Grohowski**, 980 A.2d at 115. We noted that we had held in **Commonwealth v. Burton**, 973 A.2d 428 (Pa.Super. 2009) (*en banc*), that if counsel for a criminal defendant files a Rule 1925(b) statement late, that constituted *per se* ineffectiveness, and we would remand for the filing of a statement *nunc pro tunc*. **Id.** at 114. We also pointed out that the text of Rule 1925(c)(3) did not explicitly require that the "appellant" be the defendant in order for the rule to apply. **Id.** at 115. We then stated that in "[f]airness and consistency," if the

defendant could file a late Rule 1925(b) statement, we would allow the Commonwealth to do so as well. *Id.* We stated our holding as, "[W]e hold that the rule enunciated in *Burton* … applies to the Commonwealth as well as to the represented criminal defendant." *Id.*

In *Burton*, defense counsel filed a court-ordered Rule 1925(b) statement, albeit one day late. *Burton*, 973 A.2d at 430. We acknowledged that Rule 1925(c)(3), as it then existed,[2] allowed for a remand for the filing of a statement if the appellant had not filed a statement at all, "such that the appellate court is convinced that counsel has been *per se* ineffective." *Id.* at 431. We noted the Explanatory Note to the Rule, which reviewed the history of Rule 1925(c)(3) as the successor to a line of cases allowing for similar relief where a criminal defendant has shown that counsel failed to file a Rule 1925(b) statement and was therefore ineffective. *Id.* at 432. Concluding that a late filing of a Rule 1925(b) statement is the equivalent of a complete failure to file one, we held that the defendant was entitled to the benefit of Rule 1925(c)(3). *Id.* at 433.

This case does not present the equitable considerations found in *Grohowski* that led us in that case to extend the benefit of Rule 1925(c)(3) to the Commonwealth. We are not faced here with a situation where the Commonwealth and the defendant are cross-appellants and both filed a Rule 1925(b) statement late. Rather, only the Commonwealth failed to comply with

---

[2] Since the time of *Burton* and *Grohowski*, the rule has been amended to allow for relief for untimely statements.

- 3 -

a Rule 1925(b) order. It therefore cannot be said that allowing one side to file a *nunc pro tunc* statement, but not the other, violates notions of "fairness and consistency." We must not divorce the holding of **Grohowski** from the conditions giving rise to our decision there. "[T]he axiom that decisions are to be read against their facts prevents the wooden application of abstract principles to circumstances in which different considerations may pertain." **Maloney v. Valley Med. Facilities, Inc.**, 984 A.2d 478, 485-86 (Pa. 2009) (citation omitted).

The Commonwealth does not cite any special consideration such as we found in **Grohowski** or argue that Rule 1925(c)(3) is ambiguous. We therefore have no warrant to apply the narrow holding of **Grohowski** to this case or to deviate from the plain language of the rule.

Appeal dismissed.

Judge Musmanno joins the Memorandum.

Judge Stabile concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/18/2020