J-A11042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANGEL FERDINAND GIL | : | |
| | : | |
| Appellant | : | No. 525 EDA 2021 |

Appeal from the Judgment of Sentence Entered December 21, 2020
In the Court of Common Pleas of Lehigh County Criminal Division at No(s):  CP-39-CR-0000920-2018

BEFORE:  BOWES, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED AUGUST 23, 2022**

Angel Ferdinand Gil appeals from the judgment of sentence entered following his convictions for two counts of possession with intent to deliver a controlled substance, two counts of possession of a controlled substance, one count of drug paraphernalia, and one count of tampering with physical evidence.[1] Gil contends that the trial court erred by denying his motion for extraordinary relief. We affirm.

The lower court summarized the facts as follows:

> In December of 2017, the Allentown Police Department ("APD"), with the help of a confidential informant ("CI"), conducted a drug investigation involving [Gil]. On December 19, 2017, members of the APD's Vice and Intelligence unit applied for and received a search warrant for [Gil's] residence at 416 N. Fenwick Street in Allentown,

---

[1] 35 P.S. §§ 780-113(a)(30), (a)16, (a)32, and 18 Pa.C.S.A. § 4910(1), respectively.

Pennsylvania, Lehigh County. [Gil] lives at the address with his girlfriend, Anisa Roche, and Roche's disabled adult son. The residence is a row home. Upon entering the front at street level, a set of stairs leads up to the living room and kitchen on the second floor. From there, another set of stairs leads to bedrooms on the third floor.

At 6:24 a.m. on December 20, 2017, members of APD's Emergency Response Team ("ERT") executed the search warrant at the residence. Detective Christopher Diehl, a member of the ERT, approached the front door. Diehl pounded on the door three times and yelled, "Allentown Police. Search Warrant, 416 North Fenwick. Come open the door." There was no response, so after approximately 10 seconds, Diehl knocked and announced again. Diehl heard dogs barking, but nobody came to the door. Diehl then received a radio transmission from perimeter officers that there was a light on and someone was seen running up the stairs. For a third time, Diehl knocked and announced, but received no response. At that point, another officer utilized a battering ram to breach the door.

***

According to the testimony at trial, in the bathroom on the third floor of the residence, police located a Pyrex cup in the toilet, broken into pieces. A defective retrieved the pieces of broken glass. More than a gram of suspected crack cocaine was in the toilet along with the glass. Officers located an open safe in the third floor bedroom containing five individually-wrapped clear plastic bags of crystal methamphetamine and several vehicle titles. [Gil's] passport and birth certificate were in the same safe. On top of the safe, officers located several boxes of sandwich bags and a vise press, as well as two $100 bills and suspected cocaine spilled on the floor. [Gil's] wallet was located on a dresser in that bedroom, and powder cocaine was located in one of the drawers of the dresser. Police also located $1,100 in U.S. currency and a digital scale. In sum, police seized $1,340 in U.S. currency and four cellular phones. Tests performed on the suspected controlled substances revealed that they consisted of methamphetamine and cocaine.

> During the trial, [Gil's] cousin, John Joseph [Santos], testified and maintained the drugs were his for personal use. [Gil] also testified at trial. He denied that the drugs were his and told the jury they belonged to [Santos]. He also asserted that he did not live at the residence.

Trial Court Opinion, filed 8/13/21, at 2-4 (citation and footnotes omitted).

A jury convicted Gil of the above-referenced offenses on October 16, 2019. His sentencing was scheduled for December 21, 2020. Three days prior to the sentencing hearing, Gil filed a motion for extraordinary relief pursuant to Pennsylvania Rule of Criminal Procedure 704(B). Gil alleged that his convictions for possession with intent to deliver and possession of a controlled substance should be vacated because after his trial, Santos, Gil's cousin, was arrested and pleaded guilty to intentional possession of a controlled substance. The charges were based solely on Santos' admission at Gil's trial that Santos possessed the drugs at issue for his personal use. *See* Motion for Extraordinary Relief, 12/18/20, at ¶¶ 15, 20.

Gil argued that while Pennsylvania recognizes several theories by which multiple people can possess the same drugs, such as conspiracy, constructive possession, or accomplice liability, none of those theories were applicable here and the Commonwealth improperly convicted two people of possessing the same drugs at the same place and time. *Id.* at ¶¶ 21-24. Gil claimed that a new trial was warranted so that a new jury could be presented with evidence of Santos' subsequent prosecution and conviction.

Immediately prior to sentencing, on December 21, 2020, Gil made an oral motion for extraordinary relief pursuant to Rule 704(B), asserting the

same argument set forth in his written motion for extraordinary relief. N.T., 12/21/20, at 4-6. The court denied the motion and sentenced Gil to nine to 23 months' incarceration followed by two years of probation.

Gil filed a post-sentence motion, in which he restated his argument set forth in his motion for extraordinary relief and requested a new trial. **See** Omnibus Post-Sentence Motion, 12/28/20, at ¶ 5. The court denied his post-sentence motion on February 10, 2021, and this appeal followed. Gil asserts the following issue: "Whether the sentencing court erred by denying [Gil's] [m]otion for [e]xtraordinary [r]elief seeking a new trial as John Santos' subsequent prosecution amounted to after-discovered evidence[?]" Gil's Br. at viii.

Gil maintains that the sentencing court abused its discretion in denying his motion for extraordinary relief. He asserts that the jury never heard that Santos was arrested for possessing the subject drugs and "never had the opportunity to reconcile how one can be charged with selling drugs that another person is convicted of owning beyond a reasonable doubt for personal use." Gil's Br. at 8-9. He maintains that the lower court also erred by not analyzing his claim as an after-acquired evidence claim, and that the Commonwealth's conduct constituted a fraud on the court. **Id.** at 8, 9. He requests relief in the form of a new trial or a remand for an evidentiary hearing for the court to apply the elements of an after-discovered evidence claim.

- 4 -

Under extraordinary circumstances, a trial judge may hear an oral pre-sentence motion for relief pursuant to Pa.R.Crim.P. 704(B)(1), and grant relief. Rule 704 provides:

**(B) Oral Motion for Extraordinary Relief.**

(1) Under extraordinary circumstances, when the interests of justice require, the trial judge may, before sentencing, hear an oral motion in arrest of judgment, for a judgment of acquittal, or for a new trial.

(2) The judge shall decide a motion for extraordinary relief before imposing sentence, and shall not delay the sentencing proceeding in order to decide it.

(3) A motion for extraordinary relief shall have no effect on the preservation or waiver of issues for post-sentence consideration or appeal.

Pa.R.Crim.P. 704(B).

The granting of a motion for extraordinary relief pursuant to Rule 704(B) is an "extreme remedy" and should only be granted "where it is manifest, for example, that an egregious error has been committed during trial or a change in controlling case law has occurred such that immediate relief prior to sentencing is essential." ***Commonwealth v. Bozic***, 997 A.2d 1211, 1227 (Pa.Super. 2010) (citing Comment to Rule 704(B)). The Rule "is intended to allow the trial judge the opportunity to address only those errors so manifest that immediate relief is essential." ***Commonwealth v. Grohowski***, 980 A.2d 113, 115 (Pa.Super. 2009). Rule 704(B) "was not intended to provide a substitute vehicle for a convicted defendant to raise matters which could otherwise be raised via post[-]sentence motions."

*Commonwealth v. Celestin*, 825 A.2d 670, 674 (Pa.Super. 2003) (citation omitted).

The Commonwealth urges us to find waiver because Gil did not contend that Santos's guilty plea constituted after-acquired evidence until his Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b) Statement, 5/24/21, at ¶ 2. He made no such allegation in either his motion for extraordinary relief or his post-sentence motion. In fact, at a hearing on his post-trial motion, he specifically denied that he was pursuing an after-discovered evidence claim. N.T., 2/4/21, at 20. Thus, the court did not address the elements of such a claim and instead applied the standards under Rule 704(B). "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Moreover, a party cannot raise an issue for the first time in a Rule 1925(b) statement. *Commonwealth v. Watson*, 835 A.2d 786, 791 (Pa.Super. 2003). Accordingly, to the extent Gil seeks relief based on an argument that the sentencing court ought to have analyzed his motion an after-discovered evidence claim, the argument is waived.

Gil's remaining argument – that the Commonwealth's obtaining convictions against both him and Santos entitled him to an evidentiary hearing or a new trial, under Rule 704(B) – lacks merit. The court below found:

> Mr. Santos testified before the jury empaneled for [Gil's] trial. He told the jury the drugs were his. Based on the fact that [Gil] was subsequently convicted, it is apparent that the jury did not ascribe sufficient weight to that testimony to acquit [Gil]. It is well-established that the weight to be

- 6 -

afforded to testimony at trial is a matter within the province of the jury as it judges the credibility of witnesses. **Commonwealth v. Brown**, 648 A.2d 1177, 1191 (Pa. 1994). [Gil] did not cite any authority supporting a claim that the Commonwealth would be legally prohibited from charging two individuals separately for possession of the same contraband even if those individuals are not charged with conspiracy or under an accomplice liability theory. The jury convicted [Gil] based on the evidence presented at trial and despite Mr. Santos admitting on the stand that the drugs were his. The subsequent prosecution of Mr. Santos for possession of those drugs does not change the evidence that was before the jury and did not warrant granting [Gil] a new trial.

Trial Court Opinion, filed 6/13/21, at 11-12.

The trial court properly denied the Rule 704(B) motion. Santos testified at trial that the drugs at issue were his. The court gave an instruction to the jury regarding joint possession, stating that "[t]wo or more persons may have joint possession of a controlled substance, provided each has the intent to exercise joint control over that substance and that each has the power to control it." N.T., 10/16/19, at 124. Therefore, it was reasonable for the jury to conclude that both Santos and Gil had joint possession of the drugs, even though their testimony conflicted. The subsequent prosecution of Santos for possession of the drugs did not warrant the extreme remedy of granting Gil a new trial.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/23/2022