J-S36023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| EMMANUEL TAYLOR | : | |
| | : | |
| Appellee | : | No. 159 WDA 2022 |

Appeal from the Order Entered January 31, 2022
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0000917-2018

BEFORE: STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                    **FILED: JANUARY 13, 2023**

Appellant, the Commonwealth of Pennsylvania, appeals from the order entered in the Blair County Court of Common Pleas, which precluded the Commonwealth from introducing evidence of the prior record of Appellee, Emmanuel Taylor.[1] For the following reasons, we remand for the trial court to issue a supplemental opinion addressing those issues raised in the Commonwealth's untimely-filed concise statement of errors complained of on

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The Commonwealth appealed pursuant to Pa.R.A.P. 311(d) and certified that the order substantially handicapped the prosecution. We note that the Commonwealth's certification alone is sufficient to establish our jurisdiction over the interlocutory order. *See Commonwealth v. Moser*, 999 A.2d 602, 605 (Pa.Super. 2010), *appeal denied*, 610 Pa. 595, 20 A.3d 485 (2011) (noting Superior Court may not inquire into grounds for Commonwealth's good faith certification).

appeal.

The facts and procedural history of this case are as follows. Appellee was arrested in April 2018 and charged with various drug, theft, and firearms offenses. On October 6, 2020, the court severed the firearms charges (possession of a firearm prohibited and firearms not to be carried without a license) from the other charges. After the court granted several continuances for both the Commonwealth and Appellee, the case proceeded to trial on the firearms offenses on January 31, 2022.

On the morning of trial, Appellee objected to the Commonwealth's introduction of a copy of Appellee's prior record from Maryland because the documents were not self-authenticating under Pennsylvania Rule of Evidence 902. (N.T. Trial, 1/31/22, at 5-6). The trial court found that the record from Maryland was not self-authenticating and prohibited the Commonwealth from introducing it. (*Id.* at 18-19). The court also held that to use the National Criminal Information Center ("NCIC") report to prove Appellee's prior record, the Commonwealth would be required to produce a witness to confirm that the criminal convictions in Maryland belonged to Appellee. (*Id.* at 19). The court noted that the Commonwealth still had the opportunity to call such a witness. (*Id.*) The Commonwealth then notified the court that it planned to take an interlocutory appeal pursuant to Rule 311(d). Thereafter, the

Commonwealth filed a notice of appeal.[2]

After receiving the notice of appeal, the trial court issued an order docketed February 16, 2022, directing the Commonwealth to file and serve a statement of errors complained of on appeal within 21 days of the date of the order. The order noted that any issue not included in the statement and timely filed and served pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) shall be deemed waived. (Order, 2/16/22). The docket entry for this order confirms that it was served upon the Blair County District Attorney's Office on February 16, 2022 via electronic service.[3]

_____

[2] Upon review of the notice of appeal, this Court issued a Rule to Show Cause why the notice of appeal should not be quashed because there was not a final order entered on the trial court docket concerning the court's ruling. The Commonwealth filed a response agreeing that there was no formal written order but arguing that the oral order was appealable where no party challenged the lack of a written order.

In making this argument, the Commonwealth relied on this Court's decision in **Commonwealth v. Segarra**, 228 A.3d 943 (Pa.Super. 2020), *appeal denied*, ___ Pa. ___, 237 A.3d 975 (2020), which recognized that in some instances an oral order may be valid even if not filed or entered on the docket. **Id.** at 949. In **Segarra**, this Court held that where the trial court's order was unequivocal on the record, appeared on the docket, and no party challenged the lack of a written order, the order was valid.

Here, the trial court's order precluding the Commonwealth's evidence was unequivocal on the record, and no party challenged the lack of a written order. Although the court's verbal ruling was not recorded on the docket, in the interests of judicial economy, we will procced with our analysis.

[3] The notice of electronic filing satisfies the service requirements of Rules of Criminal Procedure 114(B) and 576(b). **See** Pa.R.Crim.P. 576.1(H)(1).

The Commonwealth filed its concise statement on March 21, 2022, which was beyond the requisite 21-day period. On April 4, 2022, the trial court issued its Rule 1925(a) opinion, in which it concluded that the concise statement was untimely filed, rendering the Commonwealth's issues waived on appeal.

Preliminarily, it is well settled that only issues properly raised in a timely Rule 1925(b) statement are preserved for appellate review. *See Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775 (2005); Pa.R.A.P. 1925(b)(4)(vii) (stating that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived"). "If there has been an untimely filing, this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal." *Commonwealth v. Burton*, 973 A.2d 428, 433 (Pa.Super. 2009).

Notably, this Court has held that where "the Commonwealth has filed a late Rule 1925(b) statement, we will…allow for remand to the trial court or address the issues raised where the trial court had the first opportunity to address them." *Commonwealth v. Grohowski*, 980 A.2d 113, 115 (Pa.Super. 2009) (holding that "the rule enunciated in *Burton, supra*, permitting the late filing of a 1925(b) statement applies to the Commonwealth as well as to the represented criminal defendant"). *See also Commonwealth v. Dodds*, No. 2222 EDA 2018 (Pa.Super. filed Sept. 24,

2020) (unpublished memorandum),[4] *appeal denied*, \_\_\_ Pa. \_\_\_, 253 A.3d 219 (2021) (applying **Grohowski, supra** and holding that "because this Court has permitted the late filing of Rule 1925(b) statements by counseled defendants, we must also permit the Commonwealth's late filing of its Rule 1925(b) statement").

Under these circumstances, we remand to the trial court to address the issues raised in the Commonwealth's late Rule 1925(b) statement. **See Burton, supra**; **Grohowski, supra**. The trial court shall prepare its supplemental Rule 1925(a) opinion within **30 days** of the filing date of this decision. The Commonwealth shall have **30 days** after receipt of the supplemental Rule 1925(a) opinion to file a supplemental brief. Appellee shall have **30 days** thereafter to file a responsive supplemental brief.

Case remanded with instructions. Panel jurisdiction is **retained**.

Judge Colins joins this memorandum.

Judge Stabile files a concurring memorandum.

---

[4] **See** Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019 for their persuasive value).