J-S36023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EMMANUEL TAYLOR | : | No. 159 WDA 2022 |

Appeal from the Order Entered January 31, 2022
In the Court of Common Pleas of Blair County
Criminal Division at No:  CP-07-CR-0000917-2018

BEFORE:   STABILE, J., KING, J., and COLINS, J.[*]

CONCURRING MEMORANDUM BY STABILE, J.:**FILED: JANUARY 13, 2023**

While I do not agree with the result reached by the Majority, I recognize that this Court is bound by its decision in **Commonwealth v. Grohowski**, 980 A.2d 113 (Pa. Super. 2009), and that a remand is required.  Therefore, I concur in the result but write separately to underscore what I believe is a misinterpretation of Rule 1925(b) articulated by the majority in **Grohowski**.

In **Grohowski**, the majority noted that Pa.R.A.P. 1925(b) authorizes a remand if "an appellant" fails to file a Rule 1925(b) statement as ordered.  The Court determined that "[t]here is no requirement set forth in the Rule that the appealing party must be the defendant in order to apply the Rule."  **Id.** at 115.  Refusing to read that requirement into the rule, the Court concluded:

_____

[*] Retired Senior Judge assigned to the Superior Court.

Fairness and consistency require that each side be treated the same so that if we are to permit the late filing of the 1925(b) statement for one of the parties, *i.e.*, the Defendant, we must permit the late filing of the 1925(b) statement for the other side, *i.e.*, the Commonwealth.

*Id.*

While the idea of treating each side "the same" may be laudable on its face, such treatment does not find support in the rule itself. As Judge Klein recognized in his dissent:

A look at the context of Rule 1925(c)(3), as well as the Note following the rule, shows that it is designed for appellants who are *defendants*, not the Commonwealth. While by hindsight it is true that the drafters should have been clearer in the language and this section should be revisited, there are often unintended consequences in drafting complex rules and we should not elevate textualism over the clear purpose of a statute or rule.

The section provides:

**(c) Remand.—**
(3) If an appellant in a criminal case was ordered to file a Statement and failed to do so, **such that the appellate court is convinced that counsel has been *per se*** ineffective, the appellate court should remand for the filing of a Statement *nunc pro tunc* and the preparation and filing of an opinion by the judge.

. . .

Thus the only time the appellate court is permitted to remand for a filing of a 1925(b) statement is if "the appellate court is convinced that counsel has been *per se* ineffective . . . ." The only lawyers that can be "*per se*" ineffective are criminal *defense* lawyers. "Ineffectiveness of counsel" is a term of art that relates to when a criminal defense lawyer has failed to act properly so that the defendant is deprived of "effective" counsel. It has never been applied to *prosecutors*.

*Id.* at 116-17 (Klein, J., dissenting) (emphasis in original).[1]

Moreover, the idea of treating each side "the same" does not find support in the context of the Sixth Amendment, which provides, *inter alia*, that in all criminal prosecutions, **an accused** shall enjoy the right to effective assistance of counsel for his defense. U.S.C.A. Const. Amend. VI. That Sixth Amendment right does not extend to the Commonwealth, underscoring the difference between a criminal defendant and the Commonwealth when construing Rule 1925(b). While the failure of defense counsel to file a timely Rule 1925(b) statement is a violation of a defendant's Sixth Amendment right and constitutes ineffectiveness *per se*, thus warranting remand for filing of the statement *nunc pro tunc*, **see Commonwealth v. Burton**, 973 A.2d 428, 431-32 (Pa. Super. 2009) (*en banc*), the Sixth Amendment does not provide any such accommodation to the Commonwealth.

In light of the rule itself, and in view of Sixth Amendment considerations, I do not believe the Commonwealth is entitled to a remand under Rule 1925(c). However, as noted at the outset, I also recognize that this panel is bound **Grohowski**. **See Commonwealth v. Pepe**, 897 A.2d 463, 465 (Pa. 2006) (citations omitted) (a panel of this Court may not overrule a prior

---

[1] I note that minor revisions made to the Rule 1925(b) and the Note went into effect on April 1, 2022, after the Commonwealth's Rule 1925(b) statement was due in the instant case. However, those revisions would not impact Judge Klein's rationale for dissenting and would not alter my conclusion that **Grohowski** was wrongly decided.

decision of this Court, absent intervening authority by our Supreme Court that calls into questions a previous decision of this Court). Therefore, I concur in the result.