**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMAAL TYWAN MURPHY | : | |
| | : | |
| Appellant | : | No. 619 MDA 2022 |

Appeal from the Judgment of Sentence Entered March 28, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000101-2021

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY McLAUGHLIN, J.:     **FILED: SEPTEMBER 26, 2023**

Jamaal Tywan Murphy appeals from the judgment of sentence imposed following his convictions for firearms not to be carried without a license and knowing and intentional possession of a controlled substance ("K&I").[1] He challenges the discretionary aspects of his sentence and alleges that the court erroneously rejected his motion for extraordinary relief claiming a **Brady**[2] violation. We affirm.

Officers detained Murphy following an incident at a travel plaza in Luzerne County. A jury found Murphy guilty of the above-referenced offenses. Before sentencing, Murphy filed a written Motion for Extraordinary Relief. He contended that the Commonwealth had committed a **Brady** violation by failing

---

[1] 18 Pa.C.S.A. § 6106(a)(1) and 35 P.S. § 780-113(a)(16), respectively.

[2] **Brady v. Maryland**, 373 U.S. 83 (1963).

to pass "several material discovery items" including medical documentation, the written statements of two witnesses, and certain 911 documentation. *See* Defendant's Motion for Extraordinary Relief, filed 8/24/21 at ¶¶ 7, 8-15, 16-22, 23-25. The court denied the motion and proceeded with sentencing the same day. It imposed 60 to 120 months' incarceration for the firearms offense and a consecutive sentence of 12 to 24 months' incarceration for K&I. Murphy filed a post-sentence motion alleging that the court imposed an illegal sentence for his firearms offense. He asked the court to resentence him at the lower range for the K&I conviction. The court granted the motion and resentenced him to 42 to 84 months' incarceration for the firearms offense. *See* N.T., Modification of Sentence, 3/28/22, at 4. This timely appeal followed.

Murphy raises the following issues:

> I. Whether the court committed an error of law or abused its discretion with regard to count number two, Intentional Possession of a Controlled Substance Not Registered, in failing to sentence [Murphy] in the lower standard range of the Sentencing Guidelines[.]
>
> II. Whether the trial court abused its discretion or committed an error of law in denying [Murphy's] Motion for Extraordinary Relief.

Murphy's Br. at 1.

In his first issue, Murphy maintains that the trial court erred by sentencing him "without appropriate consideration of the Sentencing Code[.]" *See id.* at 3. This issue goes to the discretionary aspects of his sentence. To argue such an issue on appeal, the appellant must have preserved the issue at sentencing or in a post-sentence motion. *See Commonwealth v. Carrillo-*

*Diaz*, 64 A.3d 722, 725 (Pa.Super. 2013). Failure to do so constitutes waiver. *See Commonwealth v. Griffin*, 65 A.3d 932, 936 (Pa.Super. 2013). Murphy did not do so. The claim is therefore waived.

Next, Murphy maintains that the trial court erred in denying his motion for extraordinary relief. He contends the Commonwealth committed *Brady* violations. Murphy's Br. at 10-12.

Rule 704(B) of the Pennsylvania Rules of Criminal Procedure governs motions for extraordinary relief. It reads as follows:

> **(B) Oral Motion for Extraordinary Relief.**
>
> (1) Under extraordinary circumstances, when the interests of justice require, the trial judge may, before sentencing, hear an **oral** motion in arrest of judgment, for a judgment of acquittal, or for a new trial.
>
> (2) The judge shall decide a motion for extraordinary relief before imposing sentence, and shall not delay the sentencing proceeding in order to decide it.
>
> (3) A motion for extraordinary relief shall have no effect on the preservation or waiver of issues for post-sentence consideration or appeal.

Pa.R.Crim.P. 704(B) (emphasis added).

"[T]he plain terms of this Rule do not permit the filing of a **written** motion for extraordinary relief prior to sentencing." *Commonwealth v. Fisher*, 764 A.2d 82, 85 (Pa.Super. 2000) (emphasis added).[3] Rule 704(B) "is intended to allow the trial judge the opportunity to address only those

---

[3] *Fisher* cites the prior version to Rule 704, then numbered as Pa.R.Crim.P. 1405. *See* Pa.R.Crim.P. 704, note.

errors so manifest that immediate relief is essential." Pa.R.Crim.P. 704(B), comment. "This Rule was not intended to provide a substitute vehicle for a convicted defendant to raise matters which could otherwise be raised via post sentence motion." *Fisher*, 764 A.2d at 85.

Here, Murphy failed to follow the procedures of Rule 704(B) when he filed a **written** motion. *See* Pa.R.Crim.P. 704(B)(1); *Fisher*, 764 A.2d at 85. Moreover, Murphy's claims within the motion were not "so manifest that immediate relief" was essential. Rather, Murphy could have gotten full relief if he raised his *Brady* allegations in a post-sentence motion. We cannot say the trial court improperly denied the written motion for extraordinary relief. *See Commonwealth v. Grohowski*, 980 A.2d 113, 116 (Pa.Super. 2009) (reversing order granting motion for extraordinary relief where appellant filed a written motion and could have raised issue in a post-sentence motion); *Commonwealth v. Askew*, 907 A.2d 624, 627 (Pa.Super. 2006).

Judgment of sentence affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 09/26/2023

- 4 -