J-S41009-23

2024 PA Super 22

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SCOTT ANDREW BAKER JR. | : | No. 300 WDA 2023 |

Appeal from the Judgment of Sentence Entered February 14, 2023
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0002492-2021

BEFORE: PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

OPINION BY PANELLA, P.J.: **FILED: February 9, 2024**

The Commonwealth of Pennsylvania appeals from the amended judgment of sentence imposed following Scott Andrew Baker Jr.'s guilty plea to various drug-related offenses. On appeal, the Commonwealth challenges the discretionary aspects of his sentence. We affirm.

On September 22, 2021, Baker was charged by criminal information with various drug-related offenses including conspiracy, possession with intent to deliver, simple possession of a controlled substance, possession of a small amount of marijuana, and use/possession of drug paraphernalia.

On December 16, 2022, Baker entered an open guilty plea to all charges. The trial court deferred sentencing for preparation of a presentence investigation report ("PSI").

_____

[*] Former Justice specially assigned to the Superior Court.

On January 20, 2023, a sentencing hearing was held, during which Baker requested to be sentenced to the Blair County Drug Court program, which would entail a sentence of eight years' probation. A sidebar was taken between the court, defense counsel, and the Commonwealth to discuss the option of the drug court program. After returning from sidebar, the trial court entered an order sentencing Baker to eight years' probation, subject to all terms and conditions of the drug court program, and other conditions imposed by the trial court. The court noted that Baker would remain in incarceration until his evaluation for drug court and his release would depend on what the drug court found to be an appropriate course of action.

A few days later, the Commonwealth filed a motion for reconsideration of sentence, arguing the trial court abused its discretion in sentencing Baker well below the mitigated range of the sentencing guidelines. Further, the Commonwealth argued the court abused its discretion in sentencing Baker to the drug court program, contending Baker was not eligible for the program due to the weight of the drugs involved in the case. In response, Baker filed a petition to dismiss the motion to modify, arguing that he did not plea to any alleged weight of the controlled substance. Baker contended that while an interoffice policy regarding weight eligibility for the drug court program can provide the basis for an objection, it does not render a candidate ineligible.

A hearing on the motion for reconsideration was held over two days. The court noted that there was not a "strenuous objection" at the time of sentencing to not put Baker in the drug court program, so the court seemed

a little confused about the post-sentence objection. *See* N.T, 2/13/23, Motion to Modify, at 4. After more clarity surrounding the drug court program was provided, the trial court acknowledged that while it still felt Baker would be a good candidate for such a program, the court did not want to "shoehorn" a defendant into drug court that the drug court judge opposes. *Id*. at 12; *see also* N.T., Motion to Modify Day 2, 2/14/23, at 2-3. However, the court maintained that it felt a probationary sentence was still appropriate, stating its reasoning as follows:

> So, to summarize, the Court, in sentencing [Baker], did consider the pre-sentence investigation, it did consider the sentencing memorandum on behalf of [Baker]. The Court noted that [Baker] did have a prior criminal record but that his prior criminal record included charges that were dismissed[,] involved misdemeanors and did not reveal anything that said to the Court that in the past [Baker] had been a major drug dealer or violent felony offender. He was convicted of simple assault but not any felony assault crime. Therefore, the Court, upon presentation and advocacy, considered him to be an appropriate candidate for the Blair County Drug Court.
>
> However, the Court was not fully aware of the terms and conditions of the Blair County Drug Court and is appreciative of Commonwealth's Exhibit 1, which is the Policy and Procedure Rules Manual for the Drug Court Treatment Court. As I said previously, the Court is not going to attempt to shoehorn into the Drug Court someone that the Assessment Team or the Drug Court Judge deems to be inappropriate for the program because it would just not be therapeutically good for the individual defendant or for the other participants in the program and the Court does recognize that its sentence at -- in the totality of this matter is -- well, I take that back -- so, let's be a little more precise with our record –
>
> [T]he Court notes on the 16th day of December, the matter came before the Court at Plea Court and [Baker] entered a plea to Count 1, criminal conspiracy with object crime being possession with intent to deliver. We note that in regards to the Pennsylvania

Commission on Sentencing Guidelines, many of the crimes [Baker] pled guilty to, such as simple possession, which is the first charge listed on the sentencing guideline form, his standard range is restorative sanctions or supervision to six months. At possession of a small amount of marijuana, the standard range is restorative sanctions to fifteen days. At possession of drug paraphernalia, the penalty is restorative sanctions. At the charges of criminal conspiracy with object crime being possession with intent to deliver, the Court recognizes that its sentence was below the standard range and below the mitigated range in regards to those two charges but was convinced upon a totality of the presentation, including the sentencing memorandum on behalf of [Baker] and the several witnesses that testified on his behalf, as well as the presentation by [Baker] that it was appropriate for the Court to deviate below the mitigated range, especially when the Court thought that [Baker] could benefit from the Blair County Drug Treatment Court.

Recognizing at this date that he cannot, the Court still feels that it is appropriate to impose the sentence of supervision conditioned on the fact that he's currently incarcerated and the Court is not going to permit his release to the street but rather, as a condition of his probationary sentence, orders that he be evaluated for admission into inpatient treatment, he be transferred directly from Blair County Prison to inpatient treatment. He shall remain there until the period of inpatient treatment, which should be no less than 30 days, is successfully completed. Thereafter, he is released to Blair County Adult Parole and Probation supervision, including random color testing in terms of blood, breath or urine for compliance with the absolute prohibition against ingesting illegal drugs or substances not prescribed for him by a physician and taken in the manner prescribed.

N.T., Motion to Modify Day 2, 2/14/23, at 2-4 (reformatted for clarity). The Commonwealth maintained its objection, asserting its belief that the weight of the drugs should have been considered in sentencing. Specifically, the Commonwealth argued that anything over 100 grams is interpreted as drug trafficking, and therefore the Commonwealth did not believe this was a crime of addiction. *See id*. at 6. Further, the Commonwealth noted the co-defendant

in this case received a sentence of three to six years' incarceration. Defense counsel clarified that the co-defendant had prior delivery convictions and a higher prior record score. ***See id***.

The court corrected, on the record, the part of the sentencing order directing Baker to comply with all terms and conditions of the drug court program. ***See id***. at 7. The court indicated which parts of the original sentencing order to strike and directed new terms and conditions to insert in place, in accordance with discussions at the hearing. ***See id***. The court thereafter continued to explain its reasoning for maintaining a probationary sentence under the totality of the circumstances:

> So, the record before the Court was that [Baker] had never been arrested and accused of being a major drug dealer before. There apparently was, because the Commonwealth has asserted it and [Baker] and the co-defendant pled to it, a large amount of substance found in the vehicle. At this point, it doesn't make any sense to assign more or less blame to [Baker] or to the co-defendant. The Court believes that even though he possessed an amount that was more than personal use, he still -- all the evidence points to him as a person with a drug, who is appropriate to treat. The Court is -- and he has not been sentenced to the state correctional institution in the past. So, this is [Baker]'s last chance to prove to the Court, to his family, who is in support of him today and, most importantly, himself, as well as his probation officers, who will be watching him very closely, that, you know, he is not a major criminal but someone who has a history of petty crimes and substance abuse and if the substance abuse problem is addressed, he can be a good citizen and productive member of society. So, basically, without putting him in the Blair County Drug Court, I've sentenced him to the Blair County Drug Court with perhaps a little more incarceration than most people in the Drug Court get.

*Id*. at 11-12. The Commonwealth again brought up the co-defendant's sentence and reiterated the amount of drugs and cash found during the traffic stop leading to the instant charges. *See id*. at 13. The court noted the effect that good advocacy can have during sentencing and persisted that it was persuaded by the advocates on behalf of Baker. *See id*. The court stated its belief that all the elements of the sentencing code have been met, and that it based the sentence on the presentation in open court, defense counsel's advocacy, the statements of Baker and his family, and the PSI. *See id*. The court noted that the co-defendant simply may not have had the benefit of a similar presentation of advocacy. *See id*. at 14. Specifically, the court found that it had been made clear at the co-defendant's sentencing that she was not an appropriate candidate for the drug court program, whereas it was not made clear at all during Baker's initial sentencing hearing that he may not be a good candidate. *See id*. The court believed Baker could have benefited from the drug court program, and therefore still structured the sentence to be similar to the terms and conditions of the drug court program without formally being sentenced to the drug court. *See id*. The court rejected the Commonwealth's presentation, which the court found to be a request for the court to impose a sentence that is predominantly punitive. *See id*. The court believed it was already being punitive by leaving Baker incarcerated on a probationary sentence until he could be evaluated for inpatient treatment. *See id*.

On the same day, the trial court issued an order setting forth the amended sentence. This timely appeal followed.

After receiving the notice of appeal, the trial court issued an order pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), directing the Commonwealth to file and serve a concise statement of errors complained of on appeal no later than twenty-one days after the date of the order. The order noted that any issue not properly included in the statement and timely filed and served shall be deemed waived. **See** 1925(b) Order, 3/15/23. The docket entry for this order confirms that it was served on the Blair County District Attorney's Office on March 15, 2023 by eService.

The Commonwealth filed its concise statement on May 18, 2023, which is beyond the requisite 21-day period. On June 15, 2023, the trial court issued its Rule 1925(a) opinion, in which it addressed the Commonwealth's issue on its merits, but stated in a footnote that it found the issue to be waived due to the untimely filing of the concise statement.

It is well settled that only issues properly raised in a timely Rule 1925(b) statement are preserved for appellate review. **See** Pa.R.A.P. 1925(b)(4)(vii). However, this Court has held that "[i]f there has been an untimely filing, this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal." **Commonwealth v. Burton**, 973 A.2d 428, 433 (Pa. Super. 2009). Under these circumstances, where the trial court had adequate opportunity to

- 7 -

prepare an opinion addressing the issue raised, we decline to find waiver and will address the issue on its merits.

In its sole issue on appeal, the Commonwealth argues the trial court abused its discretion in sentencing Baker to probation, which is below the mitigated range of the sentencing guidelines. ***See*** Appellant's Brief, at 6. The Commonwealth concedes this claim challenges the discretionary aspects of sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

An appellant challenging the discretionary aspects of a sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Here, the Commonwealth filed a timely appeal and preserved its issue during objections at the amended sentencing hearing. The Commonwealth also included a separate Rule 2119(f) statement in its brief. Accordingly, we will review the statement to determine whether the Commonwealth has raised

a substantial question. *See Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012) (stating that "we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." (citation omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Edwards*, 71 A.3d 323, 330 (Pa. Super. 2013) (citation omitted). "A substantial question [exists] only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citation omitted).

In its Rule 2119(f) statement, the Commonwealth argues the trial court abused its discretion by imposing a sentence below the mitigated range of the sentencing guidelines resulting in an unreasonably lenient sentence. *See* Appellant's Brief, at 4-5. The Commonwealth's argument raises a substantial question. *See Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001) (holding that the Commonwealth raised a substantial question where it alleged defendant's sentence was excessively lenient and unreasonably deviated from sentencing guideline range and provided specific reasons why the sentence violated sentencing norms). We will therefore consider the merits of the Commonwealth's claim.

Our standard of review of a challenge to the discretionary aspects of a sentence is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Watson***, 228 A.3d 928, 936-37 (Pa. Super. 2020) (citation omitted).

In reviewing a record to determine if the sentencing court abused its discretion, the Sentencing Code instructs this Court to consider the nature and circumstances of the crime; the history and characteristics of the defendant; the sentencing court's findings as well as the court's opportunity to observe the defendant, including through presentence investigation; and the sentencing guidelines. ***See*** 42 Pa.C.S.A. § 9781(d).

The Sentencing Code also instructs sentencing courts to consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). The balancing of these Section 9721(b) sentencing factors is within the sole province of the sentencing court. ***See Commonwealth v. Lekka***, 210 A.3d 343, 353 (Pa. Super. 2019).

The sentencing court must also consider the sentencing guidelines when sentencing a defendant. ***See*** 42 Pa.C.S.A. § 9721(b). However, the sentencing

guidelines are purely advisory in nature - they are not mandatory. ***See Commonwealth v. Yuhasz,*** 923 A.2d 1111, 1118 (Pa. 2007). A court may therefore use its discretion and sentence defendants outside the guidelines, as long as the sentence does not exceed the maximum sentence allowed by statute. ***See id.*** at 1118-1119. When a court deviates from the sentencing guidelines, it must state the reasons for doing so on the record. ***See Commonwealth v. McLaine***, 150 A.3d 70, 76 (Pa. Super. 2016). This Court may vacate a sentence if it finds the "sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S.A. § 9781(c)(3).

Further, the weight accorded to the mitigating factors or aggravating factors presented to the sentencing court is within the court's exclusive domain. ***See Commonwealth v. Chilquist***, 548 A.2d 272, 274 (Pa. Super. 1988). This Court has stated that when a court possesses a PSI, it is presumed the court "was aware of and weighed all relevant information contained [in the report] along with any mitigating sentencing factors." ***Commonwealth v. Marts***, 889 A.2d 608, 615 (Pa. Super. 2005) (citation omitted).

During the initial sentencing hearing, the trial court provided the following explanation for sentencing Baker to a probationary sentence:

> Based on a totality of the circumstances, which is, number one, you pled guilty and took full responsibility for these acts; number two, you have a low prior record score of one; number three, you only have one case; number four, this was not an investigation where they had discovered that you were selling drugs to other people. This was a vehicle stop where the drugs were found in the

- 11 -

bag of your codefendant. Although, obviously you have taken responsibility for those drugs in part. Next paragraph that persuades me that you might be a successful candidate is the support of your coparent and the fact that you are involved in your child's life. I think it is a benefit to your child if you can be a sober person in that child's life, and the final piece is you asking for the drug court program because in the Court's experience administering a treatment court, people who want treatment are the people who are going to be successful in treatment. You have to do the work. It's just like sit-ups. You can't get a sixpack without doing sit-ups. So you can't get sober without doing the work. I'm going to give you this chance but it is all up to you.

N.T., Sentencing, 1/20/23, at 18-19.

In amending the sentencing order, it is clear the court maintained the above reasoning, while accounting for the fact that Baker would no longer be sent to the drug court program. The court stated its reasons for deviating from the guidelines in extensive discussions on the record. *See* N.T., Motion to Modify Day 2, 2/14/23, at 2-4 (concluding that upon a totality of the presentation, including consideration of the PSI, sentencing memorandum, Baker's history, and the advocacy on Baker's behalf, it is still appropriate to deviate from the guidelines); *id*. at 11-14 (applauding the advocacy on Baker's behalf and distinguishing the advocacy here from the co-defendant's circumstances). It is apparent the trial court considered all of the relevant factors under Section 9721(b) in deviating from the sentencing guidelines.

Based on the court's extensive and explicit consideration of the factors set forth in Section 9781(d), and the general sentencing standards set forth in Section 9721(b), along with the court's consideration of the sentencing guidelines and the PSI, we simply cannot say the trial court abused its

discretion under the totality of the circumstances. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

President Judge Emeritus Stevens joins the opinion.

Judge Olson files a concurring opinion.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 02/09/2024

- 13 -