J-S41009-23

2024 PA Super 22

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCOTT ANDREW BAKER JR. | : | No. 300 WDA 2023 |

Appeal from the Judgment of Sentence Entered February 14, 2023
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002492-2021

BEFORE: PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

CONCURRING OPINION BY OLSON, J.:       **FILED: February 9, 2024**

I agree with the learned Majority that the amended judgment of sentence imposed by the trial court should be affirmed. However, I do so on the basis that Appellant, the Commonwealth of Pennsylvania, waived all issues by failing to file a timely concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Therefore, I would not consider the merits of the issue raised by the Commonwealth.

As the learned Majority notes, the trial court issued an order pursuant to Pa. R.A.P. 1925(b) directing the Commonwealth to file and serve a concise statement within 21 days of the order. This order was served on the Blair County District Attorney's Office on March 15, 2023. The Commonwealth's concise statement was not filed until May 18, 2023, which is beyond the requisite 21-day period. Notwithstanding the untimeliness of the

---

[*] Former Justice specially assigned to the Superior Court.

Commonwealth's statement, the trial court addressed the merits of the Commonwealth's issue, although it noted in a footnote that the issue was waived due to the untimely filing of the concise statement. **See** Trial Court Opinion, 6/15/23, at 3 n. 1.

The Majority states that "[i]t is well settled that only issues properly raised in a timely Rule 1925(b) statement are preserved for appellate review." Majority Opinion at 7. However, relying upon **Commonwealth v. Burton**, 973 A.2d 428 (Pa. Super. 2009) (*en banc*), the Majority declines to find waiver on the basis that the trial court had adequate opportunity to prepare an opinion addressing the issue raised. **Id.** at 7-8.

In **Burton**, this Court was tasked with deciding whether the Pennsylvania Supreme Court's adoption of Pa. R.A.P. 1925(c)(3), effective July 25, 2007, superseded prior caselaw which required a finding of waiver when an untimely statement of errors complained of on appeal was filed. Specifically, the **Burton** Court considered the amended rule in light of **Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998) which "established a bright-line rule for Rule 1925 compliance mandating a finding of waiver of all issues on appeal in the event of non-compliance with Rule 1925." **Burton**, 973 A.2d at 430 (footnote omitted). **See also Commonwealth v. Butler**, 812 A.2d 631 (Pa. 2002) (waiver is automatic and applies regardless of whether the Commonwealth raises the waiver issue or the trial court issued an opinion addressing the merits of the issues on appeal); **Commonwealth**

***v. Castillo***, 888 A.2d 775 (Pa. 2005) (reaffirming bright-line rule established in **Lord**).

Following the **Lord, Butler** and **Castillo** decisions, our Supreme Court adopted significant amendments to Pa. R.A.P. 1925. Pertinent to this discussion, the **Burton** Court noted that the 2007 amendments to the Rule included "a provision to remedy ***criminal defense counsel's*** failure to file a 1925 statement as ordered." **Burton**, 973 A.2d at 430-431 (emphasis added). As this Court found:

> That provision, contained in Rule 1925(c)(3) [as amended effective July 25, 2007], states as follows:
>
> (c) Remand. –
>
> (3) If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.
>
> Thus, contrary to the **Lord/Butler** bright-line rule, under the amended rule, the remedy now for failure to file a 1925 concise statement is remand to allow *nunc pro tunc* filing of the statement.

**Id.** at 431. As the **Burton** Court further explained,

> [t]he complete failure to file the 1925 concise statement is *per se* ineffectiveness [of counsel] because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal. Likewise, the untimely filing is *per se* ineffectiveness because it is without reasonable basis to effectuate the client's interest and waives all issues on appeal. Thus untimely filing of the 1925 concise statement is the equivalent of a complete failure to file. Both are *per se* ineffectiveness of counsel from which appellants are entitled to the same prompt relief.

*Id.* at 432-433 (footnote omitted). Hence, this Court held that Rule 1925(c)(3) applies equally to situations where an attorney fails to file a concise statement on behalf of a client and when the attorney files an untimely concise statement on behalf of a client. Specifically, the **Burton** Court found "paradoxical results" would result if the two situations were not treated the same since

> [c]lients each victimized by *per se* ineffectiveness would be treated differently; the abandoned client would receive remand, "the more effective way to resolve such *per se* ineffectiveness," whereas the client whose lawyer files the 1925 concise statement late would be consigned to filing under the Post Conviction Relief Act, 42 Pa. C.S.A. § 9541 *et seq*.

*Id.* at 433 (footnote omitted).

There is no question that, in interpreting the 2007 amendment to Pa. R.A.P. 1925(c)(3), the **Burton** Court concluded that the rule was applicable to situations where **criminal defense counsel** failed to file a timely 1925(b) statement. The **Burton** decision did not address the situation we face in this case; *i.e.*, the Commonwealth's failure to file a timely 1925(b) statement. Accordingly, I do not believe that **Burton** controls this case.

I acknowledge, however, that a case filed by this Court two months following the **Burton** decision is applicable. In **Commonwealth v. Grohowski**, 980 A.2d 113 (Pa. Super. 2009), this Court was asked to consider whether the Commonwealth waived issues on appeal for failing to file a timely 1925(b) statement. The **Grohowski** Court acknowledged the **Burton** Court's holding that a **represented criminal defendant** may file an untimely

1925(b) statement without risking waiver. ***Id.*** at 114. However, the ***Grohowski*** Court concluded that Rule 1925(c)(3)

> allows for remand "if an appellant" in a criminal case was ordered to file a statement and did not do so. There is no requirement set forth in the Rule that the appealing party must be the defendant in order to apply the Rule. Furthermore, we refuse to read such a requirement into the Rule. Fairness and consistency require that each side be treated the same so that if we are to permit the late filing of the 1925(b) statement for one of the parties, *i.e.,* the Defendant, we must permit the late filing of the 1925(b) statement for the other side, *i.e.*, the Commonwealth.

***Id.*** at 115. Thus, under the holding in ***Grohowski***, Rule 1925(c)(3), as amended in 2007, applied equally to criminal defendants and the Commonwealth.

Judge Klein filed a dissenting opinion in ***Grohowski*** in which he found that the majority's decision circumvented the Supreme Court's bright-line waiver rule set forth in ***Lord*** and ***Castillo*** since the 2007 amendment to Rule 1925(c)(3) applied only when the **criminal defendant** is the appellant. ***Id.*** at 116 (Klein, J., dissenting). As Judge Klein astutely noted,

> the only time the appellate court is permitted to remand for a filing of a 1925(b) statement is if "the appellate court is convinced that counsel has been *per se* ineffective...." The only lawyers that can be "*per se*" ineffective are criminal **defense** lawyers. "Ineffectiveness of counsel" is a term of art that relates to when a criminal defense lawyer has failed to act properly so that the defendant is deprived of "effective" counsel. It has never been applied to **prosecutors**.
>
> The reason for the rule is that when a criminal **defense** lawyer fails to file a Rule 1925(b) statement it is akin to abandonment because, at a Post Conviction Relief Act proceeding the defendant will almost always successfully argue that he was deprived of **effective** counsel and therefore is entitled to a new appeal after

- 5 -

counsel **has** filed a Rule 1925(b) statement so that all of his issues are not waived.

While it would have been better to specify [in Rule 1925(c)(3), as amended in 2007] that the "appellant" is only a "criminal defendant appellant," since there is no way that a prosecutor can be "*per se* ineffective" there is no way this section can apply to the Commonwealth.

**Id.** at 117 (emphasis in original). I find Judge Klein's analysis persuasive as the sole purpose of Rule 1925(c)(3) is to prevent post-conviction proceedings in instances where criminal defense counsel is deemed to be *per se* ineffective and there is nothing in our jurisprudence that supports the conclusion that a prosecutor can be "*per se* ineffective".[1] Yet I recognize that Judge Klein's view did not garner the majority and that the **Grohowski** opinion still has precedential value. However, I believe that subsequent amendments to Rule 1925 make it clear that the holding in **Grohowski** is no longer viable.

Since the 2007 amendments to Rule 1925 and the issuance of the **Grohowski** opinion, Rule 1925 has been amended on numerous occasions. The current version of Rule 1925(c)(3) reads as follows:

---

[1] In **Commonwealth v. Taylor**, 292 A.3d 1099 (Pa. Super. 2023) (non-precedential decision), Judge Stabile filed a concurring memorandum that also questioned the decision rendered in **Grohowski**. Judge Stabile noted that treating both the criminal defendant and the Commonwealth the same for purposes of Rule 1925(c)(3) "does not find support in the context of the Sixth Amendment, which provides, *inter alia*, that in all criminal prosecutions, **an accused** shall enjoy the right to effective assistance of counsel …. That Sixth Amendment right does not extend to the Commonwealth, underscoring the difference between a criminal defendant and the Commonwealth when construing Rule 1925(b)." **Id.** at *2-*3 (Stabile, J., concurring) (emphasis in original).

(c) Remand.

(3) If an appellant represented by counsel in a criminal case was ordered to file and serve a Statement and either failed to do so, or untimely filed or served a Statement, such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did not file an opinion, **the appellate court may remand for appointment of new counsel**, the filing or service of a Statement *nunc pro tunc*, and the preparation and filing of an opinion by the judge.

Pa. R.A.P. 1925(c)(3) (emphasis added.) The Explanatory Note to the current version of Rule 1925(c)(3) reiterates that the exception to the waiver doctrine set forth in this subparagraph applies when an appellant represented by counsel has completely failed to file a 1925(b) statement or failed to do so in a timely fashion. The Note explains the purpose of this subparagraph:

Direct appeal rights have typically been restored through a post-conviction relief process, but when the effectiveness is apparent and *per se*, the court in [**Commonwealth v.**] **West**[, 883 A.2d 654 (Pa. Super. 2005)] recognized that the more effective way to resolve such *per se* ineffectiveness is to remand for the filing of a [concise] Statement and opinion. **The procedure set forth in West is codified in subparagraph (c)(3)**.

Pa. R.A.P. 1925(c)(3), Note (emphasis added; internal quotations omitted.)[2] The Note goes on to expressly state "[*p*]*ro se* appellants are excluded from this exception to the waiver doctrine as set forth in **Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998)." **Id.**

---

[2] This statement contained in the Note to the current version of Pa. R.A.P. 1925(c)(3) is identical to the statement contained in the Note to the 2007 amended version of Rule 1925(c)(3).

- 7 -

As is evident from a plain reading of the current version of Rule 1925(c)(3), the appellate court has the option to remand for the appointment of new counsel if a timely concise statement is not filed by appellant's counsel in a criminal case. Clearly, remand for the appointment of new counsel would not be appropriate if the Commonwealth, as appellant, failed to file a timely concise statement lending support for the conclusion that the waiver exception set forth in the rule only applies to an appellant who is a criminal defendant. More importantly, the Explanatory Note to Rule 1925(c)(3) provides that *pro se* appellants are excluded from the exception to the waiver doctrine and are still controlled by the bright-line waiver rule articulated in **Lord**. I do not believe that the Commonwealth would be entitled to the protection of Rule 1925(c)(3) if it fails to file an untimely concise statement, but a *pro se* criminal defendant would not be afforded such protection if he or she fails to do the same. Instead, the current rule makes it clear that the only party that is entitled to the waiver exception set forth in Rule 1925(c)(3) is the criminal defendant represented by counsel. This is because only the counseled criminal defendant can be a victim of *per se* ineffective assistance of counsel. Neither the Commonwealth or the criminal defendant who represents himself or herself can claim ineffective assistance of counsel.

Thus, I believe that the current version of Pa. R.A.P. 1925(c)(3) calls into question the holding of **Grohowski** and, in fact, renders the holding invalid. Under the current version of the rule, the Commonwealth is not

entitled to the waiver exception and is bound by the bright-line rule announced by our High Court in **Lord**. Accordingly, I would affirm the trial court on the basis that the Commonwealth waived its only issue on appeal.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 02/09/2024